J-A32002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRUONG V. DUONG | |
| Appellant | No. 788 EDA 2014 |

Appeal from the Judgment of Sentence February 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014151-2012
MC-51-CR-0019063-2012

BEFORE: PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 27, 2015**

Appellant, Truong V. Duong, appeals from the judgment of sentence entered February 28, 2014, by the Honorable Anne Marie B. Coyle, Court of Common Pleas of Philadelphia County. We affirm.

Preliminarily, we note that our disposition of this case makes a detailed factual and procedural history unnecessary. On appeal, Duong challenges the sufficiency of the evidence and the admissibility of blood alcohol content ("BAC") test results following his conviction of Driving Under the Influence, General Impairment.[1] Our review of the record reveals that Duong has failed to include the trial transcript from the trial de novo, held on

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 3802(a)(1).

February 28, 2014. Our review of the certified record and of the docket entries further shows that Duong failed to even request that the transcripts in accordance with Pa.R.A.P. 1911(a).[2] Duong's failure to order the transcripts mandates that we find his issue raised on appeal waived.

> When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

*Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (internal citations omitted).

Duong has included a transcript of the trial proceedings in the reproduced record. The inclusion of a document in the reproduced record alone, however, is insufficient for appellate review. Again, as we explained in *Preston*:

> [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on

---

[2] Although the record indicates that Duong served the court stenographer with a copy of the Notice of Appeal, there is no Request for Transcript Form attached to the Notice of Appeal, or contained elsewhere in the certified record. *See* Pa.R.A.P. Rule 1911(c) **Form**.

appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Id*., at 6-7 (internal citations and quotations omitted).

Accordingly, as Duong has failed to provide this Court with the trial transcript necessary to consider his claims, we are constrained to find his claim waived on appeal. *See Preston*, 904 A.2d at 7 ("In the absence of an adequate certified record, there is no support for an appellant's arguments and thus, there is no basis on which relief could be granted."). *See also Commonwealth v. Murchinson*, 899 A.2d 1159, 1162 (Pa. Super. 2006).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Olson concurs in the result.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015